UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2644 ABC (CTx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | Robin Rodriguez et al v. County of Los Angeles et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     PLAINTIFF'S MOTION TO DISMISS  (In Chambers)

   Pending before the Court is Plaintiff's Motion to Dismiss Without Prejudice for Lack of Subject Matter Jurisdiction ("Motion"), filed on May 29, 2008.  The County Defendants and the Acciani Defendants both filed Oppositions, and Plaintiff filed Replies.  The Court found the Motion appropriate for decision without oral argument and took it under submission.  See Fed. R. Civ. Pro. 78; Local Rule 7-15.  Upon consideration of the materials submitted by the parties and the case file, the Court hereby **GRANTS** the Motion.

DISCUSSION

   This case was filed in federal court, on April 20, 2007, on the basis of federal question jurisdiction.  On December 11, 2007, the Court issued an Order dismissing many of Plaintiff's claims, and on May 19, 2008, the Court issued an Order granting Plaintiff an opportunity to amend the complaint.  On May 29, 2008, in response to the Court's May 19 Order, Plaintiff filed a Second Amended Complaint ("SAC").  The SAC eliminated all of Plaintiff's federal claims, and instead pleads only state law claims.  As such, Plaintiff contends that the Court no longer has subject matter jurisdiction over this case and must dismiss it.  Defendants oppose.  They argue that the Court has discretion, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction over the state claims even though there remain no federal claims upon which the Court's jurisdiction was originally founded.

   When a court ruling against a plaintiff dismisses a federal claim and thereby eliminates the basis of federal jurisdiction over the case, the court has discretion to retain state claims under the doctrine of supplemental jurisdiction, codified in 28 U.S.C. § 1367.  Schwarzer & Tashima, Federal Civil Procedure Before Trial, ¶¶2:91-2:91-1, p. 2B-31 (Rutter Group 2008).  However, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2644 ABC (CTx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | Robin Rodriguez et al v. County of Los Angeles et al. | | |

complaint to determine jurisdiction." Rockwell Intern. Corp. v. U.S., 127 S.Ct. 1397, 1409 (2007).  See also Schwarzer & Tashima, *supra* (stating, "where the original complaint alleges a claim arising under a federal law that is voluntarily *dropped* in a later amendment, federal jurisdiction is determined on the basis of the *amended* complaint.") (original emphasis).  Here, Plaintiff's SAC voluntarily abandons the federal claims giving rise to federal jurisdiction, including the section 1983 claim that survived the Court's December 11 Order.  As such, the Court must look to the SAC to determine whether it has subject matter jurisdiction.  Here, because Plaintiff voluntarily dismissed all of her federal claims, federal question jurisdiction does not exist in this case.  Nor does diversity jurisdiction exist in this case.  As such, the Court lacks subject matter jurisdiction over the case, and has no discretion to retain state claims under supplemental jurisdiction.  However, even if the Court did have discretion to exercise supplemental jurisdiction over the remaining claims, it would decline to do so because this litigation is still in its relatively early stages.  As such, judicial economy would not be served by this Court's retention of the case.

Accordingly, the Court hereby **DISMISSES** the case, without prejudice, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

: 

Initials of Preparer   DA